UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| GARY SCHULTZ and all others similarly situated under 29 U.S.C. 216(B), <br><br> Plaintiff, <br> vs. <br><br> TRIANGLE AUTO CENTER, INC. D/B/A TOYOTA OF HOLLYWOOD <br><br> Defendants. | ) Case No.: <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATION**

Plaintiff, Gary Schultz, on behalf of himself and all others similarly situated under 29 U.S.C. 216(B), by and through the undersigned, files this Complaint against Triangle Auto Center, Inc. d/b/a Toyota of Hollywood, and states as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Broward County, Florida at the time that this dispute arose.

3. The Defendant, Triangle Auto Center, Inc. d/b/a Toyota of Hollywood, is a business that regularly transacts business within Broward County. Upon information and belief, Defendant Corporation was the FLSA employer for Plaintiff's period of employment ("the relevant time period").

4. All acts or omissions giving rise to this dispute took place in Broward County.

**COUNT I: FEDERAL STATUTORY VIOLATION (OVERTIME WAGE VIOLATION)**

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought

pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 U.S.C. 216(B). It is believed that the Defendant has employed several other similarly situated employees like the Plaintiff who have not been paid overtime wages for worked performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

8. Plaintiff, Gary Schultz, worked for Defendant as a car salesman from on or about March 1, 2014 through on or about June 1, 2014.

9. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and Plaintiff's work for the Defendant affected interstate commerce for the relevant time period. Plaintiff's work for the Defendant affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. Plaintiff's work for Defendant was actually in and/or so closely related to the movement of commerce while they worked for Defendant that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant.

10. Furthermore, upon information and belief, Defendant regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

11. Upon information and belief, the Defendant Corporations gross sales or business done exceeded $125,000 for the first quarter of the year 2014 and are expected to exceed $500,000 for the year 2014.

12. During the relevant time period, Plaintiff, Gary Schultz, worked an average of 65 hours a week was paid an hourly rate of $7.93/hr but was not paid any overtime wages whatsoever. Therefore, Plaintiff claims time and a half at the hourly rate of $7.93 for each overtime hour worked.

13. Defendant willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendant knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the Fair Labor Standards Act. Defendant remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with each Defendant or, as much as allowed by the Fair Labor

Standards Act --whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances.

*The Plaintiffs request a trial by jury.*

## COUNT II: RETALIATION UNDER 29 USC 215(A)(3)

14. Plaintiffs, by and through undersigned counsel, re-adopts Paragraphs 1-13 above and further states the following.

15. Throughout his employment with the Defendant, the Plaintiff made several oral complaints regarding his right to be paid overtime compensation. These complaints were made to several members of management, including Sean Jones, Herbie Lopez, and Steve Ostrov.

16. The most recent of these complaints was made to Sean Jones two days prior to his termination. Sean Jones was the individual who informed the Plaintiff he had been terminated.

17. The motivating factor in Defendant's decision to terminate the Plaintiff's employment was Plaintiff asserting claims for overtime wages.

18. The retaliatory discharge of the Plaintiff as discussed above is in direct violation of 29 U.S.C. 215 (A)(3) because the motivating factor was Plaintiff's demand for his legally mandated wages and, as a result, Plaintiff has been damaged.

Wherefore, the Plaintiff, GARY SCHULTZ, requests judgment against the Defendant, back wages, front wages, attorney's fees, costs and liquidated damages, emotional distress and humiliation and pain and suffering, as well as all other damages recoverable by law 29 U.S.C. 216(B). *Plaintiff requests a trial by Jury.*

Respectfully Submitted,


David Markel, Esq.
The Markel Law Firm
Attorney For Plaintiff
3191 Grand Avenue #1531
Miami, Florida 33133
Tel: (305) 458-1282
Fax: 1(800) 407-1718
Email: David.Markel@markel-law.com

      By:__/s/ David Markel_____
         David Markel, Esq.
      Florida Bar Number: 78306