## Agreement, Waiver, and Release of Claims

This Agreement, Waiver, and Release of Claims ("Agreement") is entered into by **GARY SCHULTZ** (hereinafter "Schultz") and **TRIANGLE AUTO CENTER, INC. d/b/a TOYOTA OF HOLLYWOOD** (hereinafter "Dealer") as follows:

WHEREAS, Schultz was terminated from his employment with Dealer on or about May 31, 2014;

WHEREAS, certain disputes between Schultz and Dealer have arisen as set forth in the lawsuit initiated by Schultz, styled *Gary Schultz vs. Triangle Auto Center, Inc. d/b/a Toyota of Hollywood*, in the United States District Court for the Southern District of Florida, Case. No. 14-61378-CIV-Williams (the "Litigation");

WHEREAS, the parties, Schultz and Dealer (the "Parties"), have agreed to the resolution of their disputes as more particularly set forth herein;

NOW, THEREFORE, in consideration of the mutual promises contained herein, it is agreed between the Parties as follows:

1. **Recitals.** The Parties acknowledge that the "WHEREAS" clauses preceding this paragraph 1 are true and correct, and are incorporated herein as material parts of this Agreement.

2. **Payment of Consideration.** In exchange for the releases and obligations Schultz has undertaken in this Agreement, Dealer will pay Schultz the total amount of **$1,000.00** ("Consideration"). Subject to Court approval, as set forth below, the Consideration shall be mailed to Schultz within ten (10) business days within after Court approval of this Agreement. The Consideration shall be made payable to "The Markell Lawfirm P.A. Trust Account", and sent to Schultz's attorney David Markel, Esq. at 3191 Grand Avenue #1531, Miami, FL 33133. The Consideration represents all amounts being paid to Schultz as consideration for the waiver of any and all claims, including any claims related to his termination, that Schultz has, had, or may have against Dealer or any of the Released Parties (as defined below). Schultz acknowledges that the Consideration set forth above, is above and beyond what he would otherwise be entitled to receive, and constitutes valid and sufficient consideration for this Agreement. Schultz understands and agrees that he would not be entitled to receive the Consideration, except for his signing this Agreement and releasing/waiving any and all claims against Dealer and the Released Parties (as defined below) and the fulfillment of the promises contained herein. Schultz acknowledges that he voluntarily and knowingly enters into this Agreement. Schultz acknowledges, that he shall be exclusively liable for all tax obligations, if any, associated with, or required in regard to, the Consideration, and Schultz agrees to indemnify and hold harmless Dealer and the Released Parties against any liability for taxes, penalties, costs or assessments due, owing, or otherwise associated with the Consideration.

3. **Release of Claims.** In exchange for the obligations Dealer has undertaken in this Agreement, Schultz, for himself and his heirs, executors, administrators, successors, and assigns, waives and fully releases and forever discharges Dealer and all of Dealer's related companies, subsidiaries, affiliated entities, and/or entities under common ownership with Dealer and Craig Zinn Automotive Group Dealer Services, LLC, and their respective present and former directors, officers, fiduciaries, employees, representatives, agents, attorneys, successors and assigns, both in their representative and individual capacities (collectively referred to with Dealer as "Released Parties"), from any and all claims, rights, and causes of action, in law or in equity, of any kind whatsoever,

which Schultz has or may have against any or all of the Released Parties as of the date Schultz signs this Agreement. Schultz agrees that this waiver and release shall include, without limitation, any: (1) contractual or other claims of employment or payment Schultz may have against any or all of the Released Parties; (2) claims, if any, arising out of or in connection with Schultz's employment with, or separation from, employment with any or all of the Released Parties, including but not limited to Article X, Section 24 of the Florida Constitution; Title VII of the Civil Rights Act of 1964, as amended; the Equal Pay Act; the Americans with Disabilities Act of 1990; the Family and Medical Leave Act; the Florida Whistleblower Protection Act (Sections 448.101 - 448.105, Florida Statutes); 42 U.S.C. Section 1981, any retaliation claim under Florida's Workers' Compensation Law (Section 440.205); and/or any other federal, state or local laws, ordinances, or regulations, including but not limited to those prohibiting employment discrimination, such as the Florida Civil Rights Act of 1992; (3) claims, if any, regarding accrued leave, vacation, personal days, bonuses, back pay, overtime, commissions, salary, wages, stock, stock options, or any other ownership interest in Dealer, fringe benefits, expense reimbursements, severance pay, or any other form of compensation or benefits connected with Schultz's employment with any or all of the Released Parties; (4) all claims set forth in the Litigation; (5) those claims relating to or arising from the Fair Labor Standards Act (the "FLSA"); and (6) claims or allegations for costs, fees or other expenses including attorney's fees. Nothing in this Agreement is intended to prohibit Schultz from seeking unemployment compensation benefits pursuant to Chapter 443 of the Florida Statutes.

4. **Agreement not to pursue litigation and related representations.** Schultz shall not sue any or all of the Released Parties. Through this Agreement Schultz is agreeing to a waiver of the rights and claims set forth above, and also agrees, to the maximum extent allowed by law, not to institute, or have instituted by anyone, a lawsuit against Dealer or any of the Released Parties based on any such claims or rights. With respect to the rights and claims Schultz is waiving, this waiver includes not only his right to recover money or any other relief in any action he might commence, but also his right to recover in any action brought on Schultz's behalf by any other party in regard to any matter existing up through the date of this Agreement.

5. **Return of Customer Information.** Upon signing this Agreement and returning it to Dealer, Schultz agrees that he will also return to Dealer any and all customer or business information that he has obtained or taken from Dealer, including all hard copies and electronic copies.

6. **Acknowledgement.** Dealer hereby advises and encourages Schultz to consult with an attorney prior to signing this Agreement. Schultz acknowledges that he has in fact consulted with his attorney prior to signing this Agreement. Schultz further acknowledges and agrees that he enters into this Agreement freely, knowingly, and voluntarily; that he is under no coercion or duress whatsoever in considering or agreeing to the provisions of this Agreement; that Schultz has not been induced to execute this Agreement by any promises other than what is expressly set forth in this Agreement; and that Schultz had sufficient opportunity to consider this Agreement prior to signing the Agreement.

7. **Dismissal of Litigation.** Upon full execution of this Agreement by the Parties, the Parties will file a motion and proposed order with the Court in the Litigation, in the form set forth in Exhibit "A". The enforceability of this Agreement is contingent upon the Court approving the terms of this Agreement.

8. **Additional Agreements.** This Agreement may be executed in counterparts and has the same force and effect as if all the signatures were obtained in one document. The parties agree that photocopies of their signatures on this document will be as effective as the original. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement may be amended, revoked, changed, or modified only upon a written agreement executed by both of the Parties hereto or their respective attorneys, administrators, trustees, personal representatives, and/or successors. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged. This Agreement shall be binding upon Schultz's personal representatives and heirs. Schultz may not assign any rights and/or benefits under this Agreement. This Agreement and the consideration paid hereunder do not represent an admission of fault or wrongdoing by Dealer. All headings in this Agreement are for convenience only, and are not to be construed as terms or conditions of this Agreement. The Parties agree that this Agreement constitutes their entire and final understanding and agreement with respect to the subject matter of this Agreement, including Schultz's employment and separation from employment, and supersedes all prior or contemporaneous negotiations, promises, covenants, agreements, or representations concerning all matters directly, indirectly, or collaterally related to the subject matter of this Agreement. In the event of a dispute as to the interpretation or application of, or an alleged breach of, this Agreement, *the Parties agree that such dispute shall be heard by a judge, not a jury, in Broward County, Florida, or the Southern District of Florida and that both Parties are hereby waiving any right that they may otherwise have to a trial by a jury.* The prevailing Party in any proceeding shall be entitled to its attorney's fees and costs. The Parties further agree that this Agreement shall be exclusively governed by the laws of the State of Florida.

9. Schultz acknowledges that he has read this entire Agreement, Waiver, and Release of Claims; that he has had adequate time to consider the Agreement; that he fully understands the Agreement; that he has had the ability to negotiate the terms of this Agreement; that he has been advised to consult an attorney in regard to this Agreement, and had a fair opportunity to do so; that he intends for this Agreement to be a valid release of all claims as more particularly set forth above; and that by his signature below, voluntarily chooses to enter into this Agreement. Schultz further agrees that he is relying upon his judgment (and where applicable the judgment of his legal counsel) in deciding to enter into this Agreement, and that he is not relying upon any representation which is not contained in writing herein.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

**Schultz**

_____
Gary Schultz

Date: 7/23/14

**Triangle Auto Center, Inc. d/b/a Toyota of Hollywood**

By: _____
Authorized Signature

Date: 7/22/2014

7/22/14  3:41:14 PM

Agreement, Waiver, and Release of Claims
Page 3 of 3

EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-CV-61378-Williams/Simonton

GARY SCHULTZ, et. al.,

      Plaintiff,

vs.

TRIANGLE AUTO CENTER, INC.
D/B/A TOYOTA OF HOLLYWOOD

      Defendants.
_____/

### JOINT MOTION AND INCORPORATED MEMORANDUM OF LAW FOR APPROVAL OF SETTLEMENT AGREEMENT AND FOR DISMISSAL OF THIS CASE WITH PREJUDICE

Plaintiff, Gary Schultz ("Schultz") and Defendant, Triangle Auto Center, Inc. d/b/a Toyota of Hollywood ("TOH"), move this Court for an Order approving their settlement agreement, and dismissing this case with prejudice. As grounds for this motion, the parties state:

1. Plaintiff has filed the instant action to recover money for allegedly unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq., and for alleged retaliation under the Fair Labor Standards Act ("FLSA").

2. In regard to FLSA claims for back wages or liquidated damage claims, the Eleventh Circuit has determined that a compromise of an FLSA claim must be either supervised by the Secretary of Labor or must be approved by the District Court. <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350 (11th Cir. 1982).

3. Plaintiff has alleged in his Complaint that he, "worked for Defendant as a car salesman from on or about March 1, 2014 through on or about June 1, 2014.". (D.E. #1, para. 8).

4. Defendant has notified the Plaintiff, that an overtime exemption exists under FLSA in regard to automobile dealership sales personnel. See, 29 U.S.C. 213(b)(10)(a) and 29 C.F.R. 779.372, which provides in pertinent part:

> a) *General.* **A specific exemption from only the overtime pay provisions** of section 7 of the Act is provided in section 13(b)(10) for certain employees of nonmanufacturing establishments **engaged in the business of selling automobiles**, trucks, farm implements, trailers, boats, or aircraft. **Section 13(b)(10)(A) states that the provisions of section 7 shall not apply with respect to "any salesman**, partsman, or mechanic primarily engaged in selling or servicing automobiles, trucks, or farm implements, if he is employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers." Section 13(b)(10)(B) states that the provisions of section 7 shall not apply with respect to "any salesman primarily engaged in selling trailers, boats, or aircraft, if he is employed by a nonmanufacturing establishment primarily engaged in the business of selling trailers, boats, or aircraft to ultimate purchasers." This exemption will apply irrespective of the annual dollar volume of sales of the establishment or of the enterprise of which it is a part. 29 C.F.R. 779.372 (emphasis added).

5. Plaintiff recognizes the applicability of the overtime exemption and has elected not to proceed forward with the overtime claims he initially filed. In this regard, Plaintiff previously indicated to the Court that his Complaint would need to be amended. (D.E. #8, para.4). The parties, through their settlement agreement have been able to resolve this matter prior to the amendment of the complaint dropping the Plaintiff's overtime claim. A bona fide dispute no longer exists in regard to the Plaintiff's overtime claim.

6. "Settlement of FLSA retaliation claims (or of non-FLSA claims, for that matter) need not be approved by the District Court." See e.g., McQuillan v. H.W. Lochner, Inc., 2013 WL 6184063, *2-3 (M.D. Fla. Nov. 25, 2013). Regardless, in regard to Plaintiff's retaliation claim, the parties' settlement negotiations included an detailed exchange of information, leading to their agreement to settle this matter. Several witnesses have come forward with information that tends to contradict the Plaintiff's allegations regarding the alleged retaliation and the reason for Plaintiff's termination. Further, after acquired evidence concerning serious, uncontested omissions on Plaintiff's employment application would substantially limit any damages that would otherwise be available for a retaliation claim. See e.g. Wallace v. Dunn Construction

Company, Inc., 62 F.3d 374, 380 (11th Cir.1995)(Where there is no genuine issue of fact as to whether an employee would have been terminated if the employer had known that the employee falsified the employment application and the plaintiff prevails on a retaliation claim or on a FCRA claim, neither reinstatement nor front pay would be an appropriate remedy).

7. As a result of the uncontested applicability of the overtime exemption to Plaintiff's overtime claim, and the early exchange of information concerning Plaintiff's allegations of retaliation, the parties have reached a mutually agreeable resolution that they consider fair and equitable, and have entered into in order to avoid the costs and uncertainty of litigation.

8. The parties' settlement is attached hereto ("Settlement Agreement"). The amount set forth as consideration in the Settlement Agreement is fair and reasonable in light of the foregoing. "In reviewing FLSA settlements under *Lynn's Food*, courts should be mindful of the strong presumption in favor of finding a settlement fair." Parker v. Chuck Stevens Chevrolet of Atmore, Inc., 2013 WL 3818886, *2 (S.D.Ala. July 23, 2013) (citations and internal quotation marks omitted). Such deference is warranted because, where parties reach a pre-trial, compromise settlement in an FLSA case, "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement" and "[i]f the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable." Bonetti v. Embarq Management Co., 715 F.Supp.2d 1222, 1227 (M.D.Fla.2009). Recent case law has shifted the approval process when Plaintiff is represented by counsel and is therefore placed in an adversarial setting. In the case at hand Plaintiff was represented by counsel in an adversarial proceeding. See, Martin v. Spring Break '83 Prods., LLC, 688 F.3d 247 (5th Cir. 2012)( Lynn's Food Stores, Inc. fairness concerns not implicated regarding settlement that occurred within the context of a lawsuit where a plaintiff -employee is

represented by counsel), followed by Smith v. Tri-City Transmission Serv., 2012 U.S. Dist. LEXIS 119428 (D. Ariz. Aug. 23, 2012), and adopted by Judge King of the Southern District of Florida in Fernandez v. A-1 Duran Roofing, Inc., 2013 WL 684736 (S.D. Fla. 2013).

9. The Parties are in agreement that this Court may enter an Order Approving Settlement Agreement, Dismissing Complaint with Prejudice, and Closing Case.

WHEREFORE, the Parties respectfully request that this Court approve the Parties' Settlement Agreement, resolving the matter on the terms set forth therein; dismiss this case with prejudice, with each party to bear its own fees and costs, and reserving jurisdiction for 60 days from the date of the Order approving the Settlement Agreement in order to enforce the terms of the Parties' agreement.

WHEREFORE, Defendant, TOH, respectfully requests that this motion be granted.

DATED this _____ day of July, 2014.

Respectfully submitted,

| | |
|---|---|
| **s/Alan N. Jockers** | **s/David Markel** |
| ALAN N. JOCKERS, ESQ. | DAVID MARKEL, ESQ. |
| Fl. Bar No. 147079 | Fl. Bar No. 78306 |
| ajockers@czag.net | David.Markel@markel-law.com |
| In-House General Counsel | The Markel Law Firm |
| The Craig Zinn Automotive Group | |
| | |
| 1850 North State Road 7 | 3191 Grand Avenue #1531 |
| Hollywood, FL 33021 | Miami, FL 33133 |
| (954) 967-4110 | Tel: (305) 45801282 |
| (954) 985-7117 Facsimile | Fax: 1(800) 407-1718 |
| Counsel for Defendant | Counsel for Plaintiff |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-CV-61378-Williams/Simonton

GARY SCHULTZ, et. al.,

    Plaintiff,

vs.

TRIANGLE AUTO CENTER, INC.
D/B/A TOYOTA OF HOLLYWOOD

    Defendants.
_____/

## ORDER GRANTING JOINT MOTION AND INCORPORATED MEMORANDUM OF LAW FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSING ACTION WITH PREJUDICE

THIS MATTER came before the Court on the Parties' Joint Motion and Incorporated Memorandum of Law for Approval of Settlement Agreement and for Dismissal of this Case with Prejudice. The Court, being fully advised in the premises, and upon review of the Settlement agreement, hereby

ORDERS AND ADJUDGES as follows:

1. The Parties' Joint Motion is **GRANTED**.

2. The Settlement Agreement submitted by the Parties is APPROVED by this Court pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

3. This matter is dismissed with prejudice, both parties to bear their own attorney's fees and costs. The Court will retain jurisdiction for a period of 60 days in order to enforce the terms of the Settlement Agreement.

DONE AND ORDERED in Chambers in Miami-Dade County, Florida this _____ day of _____, 2014.

_____
UNITED STATES DISTRICT COURT JUDGE
SOUTHERN DISTRICT OF FLORIDA

Copies Furnished:
Alan N. Jockers, Esq.
David Markel, Esq.